UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRED KLEINER,<br><br>      Plaintiff, on behalf of himself<br>      and all others similarly situated,<br><br>– against –<br><br>CENGAGE LEARNING HOLDINGS II, INC.,<br>CENGAGE LEARNING, INC., and DOE<br>AFFILIATED ENTITIES 1-10<br><br>      Defendants. | Index No. 22-cv-10245-RGS |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Fred Kleiner and Defendants Cengage Learning Holdings II, Inc. and Cengage Learning, Inc. (collectively, the "Parties"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

**I.   PURPOSES AND LIMITATIONS**

1.   The Parties assert that they possess confidential information in the form of confidential business, personal and/or technical information related to the subject matter of this litigation. The Parties recognize that it may be necessary to disclose certain of the asserted confidential information during the course of this litigation. In addition, the Parties contemplate that non-parties may produce confidential information. Pursuant to Rule 26(c) of the Federal

DM1\14716697.4

Rules of Civil Procedure, the Parties, by and through their respective counsel, hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order (hereinafter, "Order").

2. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The Parties further acknowledge that this Order does not entitle them to file confidential information under seal in any manner other than that mandated by the Local Rules.

**II.   DOCUMENTS DESIGNATED AS "CONFIDENTIAL":**

3. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

4. The confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

5. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the confidential information.

DM1\14716697.4

6. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and their counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. The Court (including the mediator, or other person having access to any confidential information by virtue of his or her position with the Court).

7. Information designated as CONFIDENTIAL may be shown at a deposition to a deponent if counsel believes, in good faith, that tendering the document is necessary to elicit testimony relevant to the matters at issue in this case, and provided that the witness has executed Exhibit A.

8. The parties further agree that information designated as CONFIDENTIAL may be shown to the officer taking, reporting, or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition, provided that such individuals are bound to protect confidential information either by their services contract with counsel or by execution of Exhibit A.

9. The parties further agree that information designated as CONFIDENTIAL may be shown to employees of any copying, imaging, computer services, and/or litigation support services hired by the receiving party in connection with the litigation of this action, to the extent those individuals are bound to protect confidential information either by their services contract with counsel or by execution of Exhibit A.

DM1\14716697.4

10. The parties further agree that all or any portion of the transcript(s) of any deposition in this action shall be subject to the terms of this Order, and can be designated CONFIDENTIAL by any party. Such designation may be made either at the deposition or within twenty days of receipt of the transcript of the deposition. Any notice provided of such a designation within twenty days of receipt of the transcript shall be provided to counsel for the other party in writing, email being sufficient, and shall specify that portion of the deposition transcript to be designated CONFIDENTIAL. Attorneys for the parties shall treat any deposition transcript as CONFIDENTIAL until such twenty-day period for notice has elapsed.

11. The disclosure of a document or information without designating it as CONFIDENTIAL shall not constitute a waiver of the right to designate such document or information as confidential information. If so designated, the document or information shall be treated as confidential information subject to all the terms of this Order.

12. If a party inadvertently discloses confidential information, the party should immediately inform the other Parties and take steps necessary to remediate the inadvertent disclosure.

13. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of

legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

14. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures for requests for filing under seal.

16. At the conclusion of litigation, confidential information and any copies thereof shall be promptly (and in no event later than 45 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

17. Nothing herein shall preclude the Parties from disclosing material designated to be confidential information if otherwise required by law or pursuant to a valid subpoena.

III. DOCUMENTS DESIGNATED AS "ATTORNEY'S EYES ONLY"

18. Counsel for any party may designate any document or information, in whole or in part, as ATTORNEY'S EYES ONLY if counsel determines, in good faith, that such designation

is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise extremely sensitive, highly confidential non-public information, or to comply with confidentiality obligations to third parties. ("AEO Information"). Information and documents designated by a party under this classification will be stamped "ATTORNEY'S EYES ONLY."

19. Other than as set forth below, all restrictions and procedures set forth above with respect to documents and information designated CONFIDENTIAL shall also apply to AEO Information.

20. All AEO Information shall not be disclosed by the receiving party to any person, except:

   a. Outside and in-house counsel for the receiving party;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d. The Court (including the mediator, or other person having access to any confidential information by virtue of his or her position with the Court).

21. To the extent a party seeks to file any AEO Information with the Court, such information shall be filed under seal to the extent permitted by the Court. The Parties shall follow the Court's procedures for requests for filing under seal. The party who designated the documents "ATTORNEY'S EYES ONLY" shall have the obligation to justify any sealing request.

22. Information designated as ATTORNEY'S EYES ONLY may be shown at the deposition to a deponent only if counsel believes, in good faith, that tendering the document is

6

necessary to elicit testimony relevant to the matters at issue in this case, and provided that the witness has executed Exhibit A.

23. The parties further agree that information designated as ATTORNEY'S EYES ONLY may be shown to the officer taking, reporting, or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition, provided that such individuals are bound to protect confidential information either by their services contract with counsel or by execution of Exhibit A.

24. The parties further agree that information designated as ATTORNEY'S EYES ONLY may be shown to employees of any copying, imaging, computer services, and/or litigation support services hired by the receiving party in connection with the litigation of this action, to the extent those individuals are bound to protect confidential information either by their services contract with counsel or by execution of Exhibit A.

25. The parties further agree that all or any portion of the transcript(s) of any deposition in this action shall be subject to the terms of this Order, and can be designated ATTORNEY'S EYES ONLY by any party. Such designation may be made either at the deposition or within twenty days of receipt of the transcript of the deposition. Any notice provided of such a designation within twenty days of receipt of the transcript shall be provided to counsel for the other party in writing, email being sufficient, and shall specify that portion of the deposition transcript to be designated ATTORNEY'S EYES ONLY. If AEO Information was introduced as an exhibit at a deposition, attorneys for the parties shall treat the deposition transcript as ATTORNEY'S EYES ONLY until such twenty-day period for notice has elapsed

SO STIPULATED AND AGREED.

Dated: December 15, 2023

| SLARSKEY LLC | DUANE MORRIS LLP |
|---|---|
| By: /s/ David Slarskey<br>David Slarskey (*admitted pro hac vice*)<br>Richard Weingarten (*admitted pro hac vice*)<br>767 Third Avenue, 14th Floor<br>New York, NY 10170<br>dslarskey@slarskey.com<br>rweingarten@slarskey.com<br><br>Edward V. Colbert III (BBO# 566187)<br>CASNER & EDWARDS LLP<br>303 Congress Street<br>Boston, MA 02210<br>Colbert@casneredwards.com<br><br>*Counsel for Plaintiff Fred Kleiner, on behalf of himself and others similarly situated* | By: /s/ Michael R. Gottfried<br>Michael R. Gottfried (BBO #542156)<br>100 High Street, Suite 2400<br>Boston, MA 02110<br>(857) 488-4200<br>(857) 488-4201 (fax)<br><br>Michael H. Gibson (*admitted pro hac vice*)<br>Alanna B. Newman (*admitted pro hac vice*)<br>230 Park Avenue, Suite 1130<br>New York, NY 10169<br>(212) 818-9200<br>(212) 818-9606 (fax)<br><br>*Counsel for Defendants Cengage Learning Holdings II, Inc. and Cengage Learning Inc.* |

Dated: December 15, 2023

**SO ORDERED.**

*[signature]*

Hon. Richard G. Stearns

DM1\14716697.4

## **Exhibit A**

### **Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

Signed in the presence of: _____

_____
(Attorney)